**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY KOVERMAN,

Plaintiff-Appellant,

v.

ROBERT CANTWELL; PETER
MANG; DENNIS MOONEY; KEVIN
HUMPHRIES; ROBERT SEXTON,

Defendants-Appellees.

No. 04-1109
(D.C. No. 02-N-2177 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Gary Koverman appeals from the district court's grant of summary judgment to appellees in this civil rights suit under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Appellant formerly worked for the Colorado Bureau of Investigation, where his job duties included analyzing narcotics. For reasons the parties dispute, he was "set up" on the afternoon of March 20, 2000, with a controlled, rush assignment to analyze ninety-nine Ecstasy pills. Appellant completed the analysis, returning only ninety-one pills to the evidence room. As he was leaving work at the end of the day, he was confronted about the eight missing Ecstasy pills. Appellant said the missing pills were consumed during testing. He submitted to a strip search to prove they were not on his person. A short time later, however, the missing drugs were found in a search of his desk drawer. He then said that he had withheld the pills as "standards" of the drug. He was arrested without a warrant and later charged with several felonies and one misdemeanor. He apparently was never confined. He was fired on March 31, 2000, after an administrative hearing. His termination was upheld by an administrative law judge (ALJ) on September 22, 2000. Appellant did not appeal from the ALJ's decision. Appellant later was tried on the outstanding criminal charges, and was acquitted on July 30, 2002.

Appellant filed this suit on November 4, 2002, alleging in his first claim for relief that:

> Mooney, Humphries, Mang, and Sexton, acting under color of state law, conspired to procure groundless charges based upon fabricated evidence and presented false distorted perjurious testimony to official bodies in order to bring about termination of [his] employment and his trial on criminal charges without due process of law in violation of 42 U.S.C. § 1983.

Aplt. App., Vol. I at 13, ¶ 28. Appellant also asserted a second claim for relief, alleging that appellee Cantwell supervised the other appellees and was responsible for their violations of his rights. Id. at 13-14, ¶¶ 32-36.

On cross-motions for summary judgment, the district court read appellant's first claim for relief as stating two claims, one for malicious prosecution under § 1983 and the other for a violation of appellant's due process rights in employment termination. Aplt. App., Vol. III at 818-19. Because appellant's explicit second claim for relief made the same allegations against Cantwell, the district court analyzed a claim for § 1983 malicious prosecution and a claim for violation of due process in terminating appellant's employment. Id. at 819.

The district court held that appellant failed to state a colorable claim for malicious prosecution under § 1983 because Tenth Circuit law required him to set forth facts alleging a Fourth Amendment violation, and appellant had neither discussed nor provided a factual predicate for his claim that appellees violated his Fourth Amendment rights. Id. at 821-24 (discussing Taylor v. Meacham, 82 F.3d

1556 (10th Cir. 1996) in light of Albright v. Oliver, 510 U.S. 266 (1994) and circuit split). The court further held that appellant's warrantless arrest did not qualify as a Fourth Amendment violation as a matter of law, and having to appear for his trial did not qualify either. Id. at 822-23 & n.8 (citing cases). Because appellant had not identified facts showing a Fourth Amendment violation, the court rejected his § 1983 malicious prosecution claim. The court further held that appellant's due process claim failed because he had filed his suit outside the applicable two-year statute of limitations, based on the date his termination was upheld by the ALJ, September 22, 2000. Appellant argued that his due process claim was preserved by the later date of his acquittal, July 30, 2002, under the continuing violation theory applied in Robinson v. Maruffi, 895 F.2d 649, 654-56 (10th Cir. 1990). The court distinguished Robinson, however, because it involved a valid malicious prosecution claim, and appellant had not stated a colorable malicious prosecution claim. Aplt. App., Vol. III at 825-26. Having rejected both of appellant's claims, the court denied appellant's motion for partial summary judgment and granted summary judgment to appellees.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Sandoval v. City of Boulder, 388 F.3d 1312, 1320 (10th Cir. 2004) (quotation omitted). Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact

-4-

and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Sandoval, 388 F.3d at 1320 (quotations omitted). This court, however, is not obligated to "comb the record" and make appellant's case for him by locating facts he did not specifically reference in his motion materials. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

Appellant inconsistently argues on appeal that: (1) the district court erred in dividing his first claim for relief in two; (2) none of his claims accrued until his acquittal and therefore none are barred by the statute of limitations; and (3) his claim based upon prosecution of the criminal charges should be remanded for trial even if his challenge to his termination from employment is time-barred. He relies primarily on Pierce v. Gilchrist, 359 F.3d 1279 (10th Cir. 2004) and Robinson, 895 F.2d 649. Appellant's reliance on these cases is misplaced.

Appellant makes clear in his briefs on appeal that if his claim is viewed as a single claim, it is a Fourteenth Amendment challenge to his termination from employment, not a challenge to his criminal prosecution. E.g., Aplt. Opening Br. at 25 ("Koverman was deprived of his position as an agent of the Colorado Bureau of Investigation through two sham administrative proceedings and a criminal prosecution, all of which were inextricably related and designed for the

ultimate purpose of getting rid of Koverman."); id. at 29 ("[P]laintiff's arguments [were] founded upon [defendants'] conspiracy to utilize a series of events in order to deprive plaintiff of his property without due process of law . . . ."); id. at 31 ("[T]he most appropriate Amendment under which to analyze this case is the Fourteenth. It is Koverman's position . . . that there was a continuous course of conduct by the defendants designed to deprive him of his property, i.e., his job."). Thus, Pierce provides appellant no support. Although Pierce does refer to Fourteenth Amendment rights in connection with a § 1983 malicious prosecution claim, that reference is to a criminal defendant's liberty interest in being free from confinement without due process. 359 F.3d at 1285-86. This court did not refer to Fourteenth Amendment property rights at all in Pierce, nor did that case involve a challenge to the loss of a job. See id.

Robinson also provides appellant no support. Robinson involved claims brought under 42 U.S.C. §§ 1983, 1985, and 1986 of false arrest, false imprisonment, and malicious prosecution, which this court held were all part of an alleged conspiracy to frame the plaintiff for a murder. 895 F.2d at 650, 654. This court held that the plaintiff's claims for violations of his liberty interest under the Fourteenth Amendment and his right to a fair trial under the Sixth Amendment were therefore related to each other and continued through the plaintiff's second criminal trial, where he was finally acquitted. Id. at 654-56.

The reversal of that plaintiff's first conviction did not cause his malicious prosecution claim to accrue because he was still subject to being retried, and was in fact retried, on the same false evidence. Id. at 655. All of his claims were directed at aspects of his criminal proceedings. See id. Again, there was no job loss or property rights involved in the case. See id. Appellant has not cited any case that links the allegedly unfair loss of a job to an allegedly malicious criminal prosecution for the purposes of determining when a due process claim accrues under § 1983. We are therefore unpersuaded that appellant's acquittal on criminal charges was necessary to his claim that his job termination hearing was unfair.

Appellant's reliance on Garrity v. New Jersey, 385 U.S. 493 (1967), is also misplaced. He asserts that he was unable to put on a defense in his termination proceeding due to the pending criminal charges against him. But Garrity deals with compelled self-incrimination in violation of the Fifth Amendment, and applies to immunize a party who has been forced to make an incriminating statement under the threat of losing his job if he remains silent. Grand Jury Subpoenas Dated Dec. 7 & 8 v. United States, 40 F.3d 1096, 1101-1102 (10th Cir. 1994) (discussing Garrity). Here, appellant made no statement in defense of his job, and he does not allege that he was threatened with termination simply for remaining silent. Further, he testified at his criminal trial, giving an innocent explanation for his actions which persuaded the jury to acquit. Although he

makes a conclusory reference to the "Hobson's Choice" of giving up his "Fifth Amendment rights" or presenting no defense at the termination hearing, Aplt. Opening Br. at 33, he never identifies any incriminating statement that he used, or would have used, in defense of his job, if the criminal charges had not been pending at that time. See id. at 26, 33, 35. We are convinced that, as the district court held, appellant's due process challenge to his termination from employment accrued, at the latest, when the ALJ upheld it on September 22, 2000. Because appellant did not file suit until November 4, 2002, his claim is time-barred.

Appellant makes a conclusory argument that his challenge to his criminal prosecution should nevertheless go forward. However, as Taylor and Pierce indicate, he has not asserted the required constitutional injury under the Fourth or Fourteenth Amendments necessary to support a claim for malicious prosecution under § 1983.

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge